```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF TEXAS
                   FORT WORTH DIVISION
```

MICHAEL McKINNEY,                §
(Tarrant No. 0167156)            §
VS.                              §   CIVIL ACTION NO.4:09-CV-151-Y
                                 §
                                 §
VICKI HALLMAN, et al.            §

    OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §
  1915A(B)(1) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii)

This case is before the Court for review of pro-se inmate and plaintiff Michael McKinney's case under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). McKinney, an inmate at the Tarrant County jail, filed a form civil-rights complaint seeking relief under 42 U.S.C. § 1983 against officials associated with an inmate account created while he was housed at the GEO Group, Incorporated ("GEO") halfway house in Fort Worth, Texas. (Compl. § V.) McKinney names as defendants Vicki Hallman, regional director, GEO; and Leslie Silva, bookkeeper, GEO. (Compl. Style; § IV(B).) In his complaint McKinney asserts that while he was housed at the GEO halfway house, he was employed and a portion of his paycheck was withheld and deposited into an account on his behalf by defendant Leslie Silva, so that upon his release, he would have money saved. (Compl. § V.) McKinney was arrested and taken to be housed at the Tarrant County jail in May 2008. He contends that since that time, $3,145 is still being withheld in the GEO account, and that in spite of contacts from him to defendant Hallman, the money has not been released to him. Furthermore, McKinney alleges that he was informed that after three years, the money in the account will be deemed abandoned. (Compl. § V.) McKinney seeks injunctive relief in the

form of an order directing the return to him of the money in the account. (Compl. § VI.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[1] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[2] Furthermore, as a part of the Prison Litigation Reform Act, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[3] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[4] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5]

McKinney expressly seeks the return to him of money deposited into an account in his name. In order to assert a claim for violation of federal constitutional rights under 42 U.S.C. § 1983,

---

[1] *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[2] *See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[3] *See* 28 U.S.C.A. § 1915A(a)(West 2006).

[4] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[5] *Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

2

a plaintiff must set forth facts in support of the required elements of a § 1983 action: (1) that he has been deprived of a right secured by the Constitution or laws of the United States; and (2) that the defendants deprived him of such right while acting under color of law.[6] Plaintiff's allegations as to the deprivation of property fail to satisfy the first element. Plaintiff McKinney has not recited the constitutional basis for his claim, but it appears that he is complaining of a loss of property without due process of law.[7] The Fourteenth Amendment to the Constitution provides that no State shall "deprive any person of life, liberty, or property without due process of law."[8] Under the *Parrat/Hudson* doctrine, a random and unauthorized intentional deprivation of property does not give rise to a violation of the Due Process Clause if the state provides an adequate post-deprivation remedy.[9] The doctrine is inapplicable where the deprivation is claimed to be in accordance with official

---

[6]*See West v. Atkins,* 487 U.S. 42, 48 (1988)(citing cases); *Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development,* 980 F.2d 1043, 1050 (5th Cir. 1993).

[7]To the extent that McKinney claims the loss of his property was only the result of negligence, such allegation also does not state a cause of action under § 1983. *Daniels v. Williams,* 474 U.S. 327, 328 (1986); *Davidson v. Cannon,* 474 U.S. 344, 347 (1986). Where negligence is involved in causing a deprivation of property, no procedure for compensation is constitutionally required. *Id.*

[8]U.S. CONST. amend. XIV § 1.

[9]*See Myers v. Klevenhagen,* 97 F.3d 91, 94 (5th Cir. 1996)(discussing the Supreme Court's decisions in *Parratt v. Taylor,* 451 U.S. 527 (1981) and *Hudson v. Palmer,* 468 U.S. 517 (1983), as dictating that a state actor's random and unauthorized deprivation of property does not result in a violation of procedural due process if the state provides an adequate post-deprivation remedy, and explaining "the doctrine protects the state from liability for failing to provide a predeprivation process in situations where it cannot anticipate the random and unauthorized actions of its officers.")

policy or local custom or procedure.[10] Such is not the case here.

In challenging a random intentional property deprivation, the claimant must either take advantage of the available remedies or prove that the available remedies are inadequate.[11] Texas law allows recovery of monetary damages for loss of use of property during its period of detention.[12] Because Texas provides an adequate post-deprivation remedy, McKinney's claim concerning the withholding of money in his inmate account[13] does not rise to a violation of the Due Process Clause.[14] Thus, McKinney's allegation concerning the withholding of money in an inmate account does not amount to a violation of a constitutional right, and his claims under 42 U.S.C. § 1983 must be dismissed under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C.

---

[10] *See Brooks v. George County, Miss.,* 84 F.3d 157, 164 (5th Cir.), *cert. den'd,* 519 U.S. 948 (1996)(citations omitted).

[11] *Hudson,* 468 U.S. at 534-35; *Myers,* 97 F.3d at 94.

[12] *See Murphy v. Collins,* 26 F.3d 541, 543 (5th Cir. 1994)(In Texas, the tort of conversion fulfills this requirement); *see also Beam v. Voss,* 568 S.W.2d 413, 420-21 (Tex.Civ.App.–San Antonio 1978, no writ)(conversion is the unauthorized and unlawful assumption and exercise of dominion and control over the personal property of another, to the exclusion of, or inconsistent with the owner's rights).

[13] *See Austin v. Ward,* 92 Fed. Appx. 80, 2004 WL 304186, at *2 (5th Cir. Feb. 17, 2004)("The forfeiture of $1,200 from Austin's prison trust account did not violate due process even if it was unauthorized because Austin had a meaningful postdeprivation remedy for the forfeiture, such as a state law action for conversion")(unpublished); *see also Cannon v. Howard,* No. 99-11424, 2000 WL 992502, at *1 (5th Cir. 2000)(noting that inmate had provided no authority "for the assertion that the *Parrat/Hudson* doctrine does not apply to the taking of money as well as personal property")(unpublished); *see also Orsack v. Director,TDCJ-ID,* 2008 WL 5377985, at *6 (E.D.Tex. Dec. 22, 2008)(rejecting inmate claim that a $100.00 hold on his account was a violation of due process).

[14] *See Hudson,* 468 U.S. at 536 (noting that even where a prisoner's property was intentionally destroyed, such destruction did not violate the Fourteenth Amendment since the Commonwealth of Virginia provided the prisoner with an adequate post-deprivation remedy.)

§§ 1915(e)(2)(B)(i) and(ii).[15]

Therefore, all claims for relief under 42 U.S.C. § 1983 are DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915A(b)(1) and, alternatively, under 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

SIGNED June 4, 2009.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[15] Such dismissal is, of course, without prejudice to Michael McKinney's right to assert any state law tort claims arising out of the same facts in state court.

5